## SAMUEL FAVORITE
### *v.*
## LORD & SMITH.

1. ASSIGNEE AFTER MATURITY — *subject to what defenses.* The assignee of a note after due, takes it subject to all the claims and demands the maker had against the payee and indorser, and which he can set up in his defense to a suit brought by the assignee, the same as though the suit was brought by the payee.

2. But a claim or demand existing in favor of the maker against an intermediate holder and indorser, cannot *at law* be interposed as a defense against a subsequent indorsee, although such claim may have existed while the note was in the hands of the intermediate holder, and notwithstanding it was assigned by him after maturity. Such a case is not within the statute which prescribes the terms upon which an indorsee after maturity shall hold the note.

3. SAME — *set-off in equity.* However, when the case is not within the statute, the defendant, who is the holder of the cross-demand, may, in case of insolvency, have a set-off in equity. In such a proceeding he can have the cross-demand fully adjusted, and the assignee of an overdue note from an insolvent, takes it subject to this equity.

4. PLEADING — SET-OFF — *mode of pleading cross-demand held against the maker of a note, in a suit by an indorsee.* Where the maker of a note seeks to set up as a defense in a suit by an indorsee after maturity, a cross-demand which he held against the payee and indorser prior to the assignment, he should plead specially,

under the statute, the demand to be used as a defense, or so much thereof as may be necessary, and not plead a set-off.

5. SET-OFF — *must be of mutual demands.* The form of presenting a defense as a set-off, is statutory, and relates to claims or demands against the plaintiff in the action. Those claims or demands must be mutual.

WRIT OF ERROR to the Superior Court of Chicago.

This was an action of assumpsit in the Superior Court of Chicago, brought to the March Term, 1864, by Samuel Favorite against Thomas Lord and Lafayette H. Smith, on the following note, indorsed by Wahl Brothers:

CHICAGO, April 19, 1861.

$589.

Two months after date, we promise to pay to the order of Wahl Brothers, five hundred and eighty-nine dollars, at Western Marine Bank, value received.

LORD & SMITH.

The plaintiff sued as indorsee of Wahl Brothers.

The defendants pleaded the general issue to which was subjoined this notice:

That said defendants would prove on the trial that, at the maturity of said note, and for a long time before and after then, said note was the property of Francis A. Hoffman, Otto Gelpcke and Alexander Siller, partners under the name of Hoffman and Gelpcke, and was in their actual possession and control, and on the day said note matured, and while the same was still held and owned by said Hoffman and Gelpcke, defendants held and owned a certain certificate of deposit, a copy of which, with the indorsements on the same, is hereinafter given; that under and by virtue of said certificate and indorsements thereon, defendants were entitled to have and demand of said Hoffman and Gelpcke $740.51 (the amount of said certificate), then and there due the defendants from Hoffman and Gelpcke; that the defendants then applied to Hoffman and Gelpcke, showed to them said certificate so indorsed, and offered and demanded to surrender it to them, and to apply it, or so much thereof as might be necessary to pay said note, which they

refused to allow, and that the plaintiff took said note from Hoffman and Gelpcke after it matured, and after the right of defendants had accrued, and that said Hoffman and Gelpcke still owed said sum of $740.51 to defendants, which being due, defendants offered to set off and allow to an amount sufficient to satisfy said note according to the form of the statute, &c. An additional part of said notice stated that defendants would prove that the plaintiff took said note after its maturity, and that when it became due, and while it was the property of Hoffman and Gelpcke, through whom the plaintiff procured it, said Hoffman and Gelpcke were and thereafter had continued to be indebted to defendants in $740.51 on said certificate, which had been duly indorsed to defendants before the day of payment of said note; that defendants would set off and allow on the trial so much of said sum as would be sufficient to satisfy said note, according to the form of the statute, &c.

On the trial, the court below held, that the matters stated in the notice would not constitute a defense, and excluded the evidence offered under it.

The plaintiff had a verdict and judgment, which on appeal to this court was reversed, and the cause removed.

On the next trial the defendants, after the plaintiff had read in evidence the note indorsed as above stated, offered in evidence the following certificate:

No. 27,291.                    CHICAGO, April 22, 1861.
$740.51.

Buel, Hill and Granger have deposited with us seven hundred forty $\frac{51}{100}$ dollars in currency, payable on return hereof to the order of J. H. Lester.

                    HOFFMAN & GELPCKE.

Indorsed — Pay Buel, Hill & Granger or order.

                    J. H. LESTER.

Pay Lord & Smith or order.

                    BUEL, HILL & GRANGER.

The defendants then called A. Judson Smith, who testified: that the defendants presented this certificate of deposit at the

banking office of Hoffman and Gelpcke, and asked for the note they had payable there (which note the plaintiff, by his counsel, admitted to be the one sued upon), and defendants presented the certificate of deposit in payment of the note, and Hoffman and Gelpcke refused to take it. He thought it was the day the note fell due. He also testified that there was a notice posted outside of the teller's stand, or hung there, which was to the effect, that certificates of deposit were taken in payment of notes due at the bank, or payable to the bank—either one; that such was the substance of the notice; and that he did not recollect that there was any notice that Illinois or Wisconsin currency would be taken for all notes due at the bank.

That the conversation above referred to, in regard to presenting the certificate of deposit, was with the paying teller, whose name he had since heard was Siller; that Smith, of Lord and Smith, and brother of the witness, on so presenting the certificate, asked the teller what his reasons were for not taking the certificate for the note, and the teller answered that Lord and Smith, were better than Hoffman and Gelpcke. He further stated that this was before Hoffman and Gelpcke closed their doors, and that it was in the spring of the difficulty of the currency.

On his cross-examination he stated that there might have been from fifteen to twenty per cent. difference between specie and currency at that time; that he could not tell except by exchange; that he thought they were paying from 15 to 20 per cent. for exchange at that time, and that there were different lists of currency, some of which were more depreciated.

That he did not know what Lord and Smith paid for the certificate of deposit; that he went with his brother, one of the defendants, and at his brother's request, for the purpose of taking up the note, and did not know whether his brother anticipated whether Hoffman and Gelpcke would take the certificate or not.

On his reëxamination he said that he meant by currency, when he spoke of depreciated currency, the bank bills of Illinois and Wisconsin banks; that there were in circulation in Chicago

10 — 35TH ILL.

and in Illinois, at that time, other bills than Illinois and Wisconsin bank bills; that he did not recollect that the person in the bank to whom the certificate was presented, gave any such reason why he would not take the certificate, as that it was payable in currency; that there might have been some such reason given, but he did not recollect it; and did not recollect any other reason being given than that Lord and Smith were better than Hoffman and Gelpcke; and that he could not say whether or not anything was said as to who were the owners of the note.

*H. B. Hurd,* a witness for the defendants, testified that he was a depositor in the bank of Hoffman and Gelpcke, in May, June and July, 1861, and was frequently in their bank during that time; and that there was, during such time, posted up in the bank, on a part of the railing therein, a notice that they would take Illinois and Wisconsin currency in payment of notes due the bank.

The plaintiff then read the deposition of *Alexander Siller,* who testified that he was in the banking business in the spring of 1861, and continued therein until August 26, 1861; that the style of his firm was Hoffman and Gelpcke; that firm held the note on which this suit was brought; that it was transferred to J. G. Law & Co., in the latter half of July, or the first half of August, 1861; and Law & Co., in consideration of the transfer, gave their check to Hoffman and Gelpcke for the amount due by Hoffman and Gelpcke to them, to wit: $700, or thereabouts, and J. G. Law & Co.'s note for $170, or thereabouts; that this certificate of deposit was presented by Lord and Smith at the bank to the witness, about the time of the maturity of their note, for the purpose of paying that note, and that the witness declined receiving it in payment, giving, as a reason, that Lord and Smith's note, payable in dollars, was better than Hoffman and Gelpcke's certificate, payable in currency; that he assigned this as a reason for not taking the certificate in lieu of the note, and that currency was at that time worth from 50 to 75 cents on the dollar in gold.

This being all the evidence, the court trying the issue found

for the defendants. The plaintiff entered his motion for a new trial, which was overruled, and judgment rendered against the plaintiff for costs, who brings the cause to this court by writ of error, and assigns for error this finding, the overruling the motion for a new trial, and rendering judgment for costs against him.

Messrs. Arrington & Dent for the plaintiff in error.

The certificate of deposit held by the makers of the note sued upon, against Hoffman and Gelpcke, the intermediate holders, cannot be allowed as a set-off against this plaintiff, who is a subsequent indorsee, because that is a form of defense given solely by statute, and that as to claims or demands against the plaintiff in the action, 2 Purple's Comp. 824, chap. 83, § 19, "the debts sued for and sought to be set-off, must be mutual debts," &c. 1 Chit. Pl. 571; *Root* v. *Irwin,* 18 Ill. 148, 149.

The plaintiff, however, was in nowise indebted to the defendants, and hence this certificate could not be a set-off.

The only remaining statutory provision on which, by any possibility, a defense as against any party to the note could be grounded, is the 8th section of chapter 73 of the Revised Statutes (page 773 of 2 Purple's Comp.); but by reference to it, as well as to *Root* v. *Irwin, supra,* it will be found that it simply provides that where the payee of a note indorses the note after maturity, and an indorsee brings suit on it, the defendant, being maker, shall be allowed to set up the same defense which he could have done if the suit were instituted in the name and for the use of the payee.

Yet here the defendants never had any right of defense against the payees, Wahl Brothers, nor any claim whatever against them.

The statutes, therefore, did not enable the defendants to make such defense. In the opinion reported in 29 Ill. 153, 154, Hoffman and Gelpcke, by mistake, were considered the payees.

Nor would the common law allow the defense here resisted — not being a proper set-off, the only grounds on which the defense

could be alleged, would be either payment or tender; and there is no pretense that this was either a payment or a tender.

Messrs HURD, BOOTH & KRAMER for the defendants in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

On this assignment of error on this record, the plaintiff in error raises this question: Could Hoffman and Gelpcke, being intermediate indorsees of the note of Lord and Smith, which was payable in specie, properly refuse to take in payment of it a certificate of deposit issued by them for a larger sum payable in currency? Holding the note at its maturity, as indorsees, and having previously issued the certificate of deposit to third parties, through whose indorsement the defendants in error acquired it, were they bound to receive it in satisfaction of this note, the note being for specie, and the certificate for currency only?

It is in proof, by the testimony of Siller, that the refusal of Hoffman and Gelpcke to receive the certificate in payment of the note, was based on the fact that the certificate was for currency whilst the note was for specie. A. J. Smith states, that he does not remember that this was the nature of the objection; he merely states the paying teller of Hoffman and Gelpcke, who was this Mr. Siller, refused to accept it in payment, saying, that Lord and Smith were better than Hoffman and Gelpcke. This witness does not deny that the refusal was based on the fact that the note was for specie, whilst the certificate was for currency, worth less, at that time, than specie.

But be this as it may, this certificate was pleaded by way of set-off by a notice under the general issue, and the question is, was it so pleadable?

This form of presenting a defense of this kind is statutory, and relates to claims or demands against the plaintiff in the action. Those claims or demands must be mutual. In this case, the claim sought to be set off by the defendants in error against their note, was not a claim against the plaintiff in the action, nor against the payee of the note, and is not made,

by the statute of this State, a subject matter of set-off. In most respects, this case is like the case of *Root* v. *Irwin*, 18 Ill. 148.

If Hoffman and Gelpcke were the holders of this note at any time, by indorsement, a set-off, as against them, could not be set up against their indorsee. The statute does not provide for such a case. As was said by this court, in the case above cited, at the common law, if the makers, the defendants in error, paid the note to intermediate indorsers (Hoffman and Gelpcke), while in their hands at or after its maturity, that might be a good payment and available to the makers of the note in the hands of any one to whom it might subsequently be assigned, but it would not then come within the provisions of the statute.

The note having been transferred after due, the makers should plead specially under the statute, the demand to be used as a defense, or so much thereof as may be necessary, and not plead a set-off. The assignee of a note after due takes it subject to all the claims and demands the maker had against the payee and indorsers, and which he can set up in his defense to a suit brought by the assignee the same as though the suit was brought by the payee. Scates' Comp. 292.

But where the case is not within the statute, the defendant, who is the holder of the cross-demand, may, in case of insolvency, have a set-off in equity. In such a proceeding he can have the cross-demand fully adjusted, and the assignee of an overdue note from an insolvent, takes it subject to this equity.

The defendants here never had any defense against the payees of this note, nor any claim against them of any nature. It is only while the note was in the hands of an intermediate indorser, that any defense existed, and then only as against the indorsers. Nor have they any claim or demand against the plaintiff.

When this case was before this court at the April Term, 1862, it was erroneously considered that Hoffman and Gelpcke were the payees of this note, hence the decision of the case as reported in 29 Ill. 153.

The views here presented conflict with that decision. No claim to a set-off is shown, consequently the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*